UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
TROY GREENE,

                       Plaintiff,

               -against-

ROCHDALE VILLAGE, INC., THE ROCHDALE
VILLAGE PUBLIC SAFETY DEPARTMENT,
ROCHDALE VILLAGE SPECIAL PATROLMAN
KENDALL BRYAN, ROCHDALE VILLAGE SPECIAL
PATROLMAN JOHN DOE 1, unknown to the Plaintiff
but known to ROCHDALE VILLAGE, INC.,
ROCHDALE VILLAGE SPECIAL PATROLMAN
JOHN DOE 2, unknown to the Plaintiff but known to
ROCHDALE VILLAGE, INC., ROCHDALE VILLAGE
SPECIAL PATROLMAN JOHN DOE 3, JAMAICA
HOSPITAL MEDICAL CENTER, JAMAICA
HOSPITAL SECURITY DEPARTMENT, JAMAICA
HOSPITAL SECURITY GUARD JOHN DOE 1,
unknown to the Plaintiff but known the JAMAICA
HOSPITAL, JAMAICA HOSPITAL SECURITY
GUARD JOHN DOE 2, unknown to the Plaintiff but
known the JAMAICA HOSPITAL, THE CITY OF NEW
YORK, THE NEW YORK CITY POLICE
DEPARTMENT, NEW YORK CITY POLICE OFFICER
JOHN DOE 1, unknown to the Plaintiff but known to the
NEW YORK CITY POLICE DEPARTMENT and THE
CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, NEW YORK CITY POLICE
OFFICER JOHN DOE 2, unknown to the Plaintiff but
known to the NEW YORK CITY POLICE
DEPARTMENT and THE CITY OF NEW YORK,

                   Defendants.
----------------------------------------------------------------------x

**COMPLAINT**

**Jury Trial Demanded**

Case No.:

       Plaintiff brings this civil rights complaint by and through his undersigned attorney and

alleges as follows:

## PRELIMINARY STATEMENT

Plaintiff brings this action seeking to recover damages for assault, battery, false arrest, false imprisonment, malicious prosecution and violations of his rights under the United States Constitution. The Plaintiff brings this action against all Defendants pursuant to 42 U.S.C. § 1983 and 1988, the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and under the common law of the State of New York against ROCHDALE VILLAGE, INC., THE ROCHDALE VILLAGE PUBLIC SAFETY DEPARTMENT (hereinafter "ROCHDALE PUBLIC SAFETY"), ROCHDALE VILLAGE SPECIAL PATROLMAN KENDALL BRYAN, ROCHDALE VILLAGE SPECIAL PATROLMAN JOHN DOES 1-3, (hereinafter "ROCHDALE JOHN DOES 1-3")(names being fictitious but intended to represent Peace Officers of the Rochdale Village, Inc. who participated in Plaintiff's arrest, false imprisonment, and assault and battery), JAMAICA HOSPITAL MEDICAL CENTER (hereinafter "JAMAICA"), JAMIACA HOSPITAL SECURITY DEPARTMENT (hereinafter "JAMAICA SECURITY"), JAMAICA HOSPITAL SECURITY GUARDS JOHN DOES 1-2, (hereinafter "JAMAICA JOHN DOES 1-2")(names being fictitious but intended to represent Security Officers of the Jamaica Hospital who participated in Plaintiff's false imprisonment), THE CITY OF NEW YORK (hereinafter "THE CITY"), THE NEW YORK CITY POLICE DEPARTMENT (Hereinafter "THE NYPD"), NEW YORK CITY POLICE OFFICER JOHN DOES 1-2, (hereinafter "NYPD JOHN DOES 1-2")(names being fictitious but intended to represent New York City Police Officers who participated in Plaintiff's false arrest and false imprisonment), to redress the deprivation under color of law of Plaintiff's rights, privileges and immunities secured by the Constitution of the United States. Plaintiff seeks money damages to redress and remedy the deprivations of his constitutional rights. In addition, Plaintiff

2

invokes the pendant jurisdiction of this Court over related, ancillary and pendent state law claims. Plaintiff seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988 and pursuant to any other laws that apply.

Plaintiff alleges that DEFENDANT BRYAN and the individual ROCHDALE JOHN DOES 1-3 made an unreasonable search and seizure of Plaintiff's person, violating his rights under the Fourth and Fourteenth Amendments of the United States Constitution, and that these Defendants assaulted and battered the Plaintiff. Moreover, it is alleged that DEFENDANT BRYAN, the ROCHDALE JOHN DOES 1-3, and the NYPD JOHN DOES 1-2 falsely arrested and imprisoned him, and subjected him to malicious prosecution, libel and slander. It is further alleged that DEFENDANT BRYAN, the ROCHDALE JOHN DOES 1-3, and the JAMAICA JOHN DOES 1-2 unlawfully imprisoned the defendant for several days. These violations and torts were committed as a result of the policies and practices of THE CITY, ROCHDALE VILLAGE, INC., JAMAICA HOSPITAL, and THE NYPD.

## JURISDICTION

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 2201 and 2202. The substantive claims in this action arise under 42 U.S.C. § 1983 and the Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

2. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, *et seq.*, in the Eastern District of New York, where the Defendant City of New York resides, where Plaintiff resides, and where the actions complained of herein occurred.

3. The amount in controversy excluding interests and costs exceeds the sum of 100,000 dollars.

## NOTICE OF CLAIM

4.  On or about March 3, 2014, a Notice of Claim was served on Defendants THE CITY, THE NYPD, and NYPD JOHN DOES 1-2.

5.  On or about August 4, 2014, THE CITY held a 50-h hearing.

6.  At least 30 days have elapsed since the Notice of Claim was presented to the Defendants for adjustment, and the Defendants have refused to adjust or make payment therefor.

## PARTIES

7.  Plaintiff, TROY GREENE, is, and at all times mentioned herein was, a resident of New York City, Queens County, New York State.

8.  At all times mentioned herein, Defendant THE CITY was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the NYPD, and their employees.

9.  At all times mentioned herein, Defendant NYPD was and is a subdivision subject to the control of THE CITY, organized and existing under and by virtue of the law of the City and the State of New York.

10. THE CITY and the NYPD have, jointly and severally, a constitutional and statutory responsibility for the conditions at the NYPD, and are jointly and responsible for ensuring that the operations of the NYPD and its representatives are in conformity with constitutional requisites.

11. THE CITY and the NYPD are jointly and severally responsible for ensuring that the NYPD police officers, special patrolmen, and peace officers specifically those Defendants named and referenced herein, obey the regulations of the NYPD, and THE CITY, the ordinances

4

and laws of THE CITY, and the laws and the Constitution of the State of New York and the United States.

12. At all times mentioned herein, Defendant THE CITY is and was responsible for the policies, practices and customs of the NYPD, including but not limited to the receipt and/or lodging and/or holding of suspects within NYPD facilities and precincts.

13. At all times mentioned herein, Defendant THE CITY is and was responsible for the hiring, training, supervision, retention, control and discipline of the NYPD and its officers.

14. At all times mentioned herein, Defendant THE CITY is and was responsible for the operation, practices, and totality of conditions of the NYPD.

15. At all times mentioned herein, Defendant THE CITY is and was the employer of the personnel named herein as NYPD JOHN DOES 1-3.

16. At all times mentioned herein, Defendant ROCHDALE VILLAGE was and is a Mutual Company organized pursuant to the Limited-Profit Housing Companies of the State of New York (Article 2 of the Private Housing Finance Law of the State of New York), owner of the land and the buildings known as ROCHDALE VILLAGE, with its principal place of business at 169-65 137th Avenue, Jamaica, New York 11434

17. At all times mentioned herein, Defendant ROCHDALE VILLAGE hired, maintained, supervised, directed and controlled ROCHDALE PUBLIC SAFETY which employs a mix of unarmed Security Guards and unarmed Peace Officers.

18. At all times mentioned herein, Defendant ROCHDALE VILLAGE is and was responsible for the hiring, training, supervision, retention, control, and discipline of ROCHDALE PUBLIC SAFETY.

5

19. At all times mentioned herein, Defendant ROCHDALE VILLAGE is responsible for the operation, practices, and totality of conditions of ROCHDALE VILLAGE.

20. At all times mentioned herein, DEFENDANT BRYAN and the ROCHDALE JOHN DOES 1-3 were members and employees of the ROCHDALE PUBLIC SAFETY.

21. At all times mentioned herein, DEFENDANT BRYAN and the ROCHDALE JOHN DOES 1-3 were employees of ROCHDALE VILLAGE.

22. At all times mentioned herein, Defendant JAMAICA HOSPITAL is and was a general medical and surgical hospital in New York, with its principal place of business at 8900 Vanwyck Expressway, Jamaica, New York, 11418

23. At all times mentioned herein, Defendant JAMAICA HOSPITAL hired, maintained, supervised, directed and controlled JAMAICA SECURITY which employs unarmed Security Guards and/or unarmed Peace Officers.

24. At all times mentioned herein, Defendant JAMAICA HOSPITAL is and was responsible for the hiring, training, supervision, retention, control, and discipline of JAMAICA SECURITY.

25. At all times mentioned herein, Defendant JAMAICA HOSPITAL is responsible for the operation, practices, and totality of conditions of JAMAICA HOSPITAL.

26. At all times mentioned herein, the JAMAICA JOHN DOES 1-2 were members and employees of JAMAICA SECURITY.

27. At all times mentioned herein, the JAMAICA JOHN DOES 1-2 were members and employees of the JAMAICA HOSPITAL.

28. DEFENDANT BRYAN, ROCHDALE JOHN DOES 1-2, NYPD JOHN DOES 1-2, and JAMAICA JOHN DOES 1-2 are, and at all times mentioned herein were, duly appointed Peace Officers and/or Police Officers and/or Special Patrolmen and designated as such by THE CITY

and the NYPD, and at all times herein were acting in such capacity as agents, servants and employees of THE CITY, and/or THE NYPD, and/or ROCHDALE VILLAGE and/or JAMAICA HOSPITAL.

29. At all times mentioned herein the Defendants were acting under color of the laws of New York City and New York State, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or THE CITY, and/or the NYPD, and/or ROCHDALE VILLAGE, and/or the JAMAICA HOSPTAL.

30. This action is brought against DEFENDANT BRYAN, the ROCHDALE JOHN DOES 1-3, the JAMAICA JOHN DOES 1-2, and the NYPD JOHN DOES 1-2 in their official and individual capacities.

### FACTS

31. On or about December, 2013, at approximately, the Plaintiff was a lawful visitor inside the ROCHDALE VILLAGE complex.

32. On or about December, 2013, the Plaintiff was inside the stairwell waiting for a friend.

33. DEFENDANT BRYAN and ROCHDALE JOHN DOES 1-3 emerged from the building elevator and approached the Plaintiff.

34. DEFENDANT BRYAN and ROCHDALE JOHN DOES 1-3 grabbed the Plaintiff and pushed the Plaintiff down the stairs inside ROCHDALE VILLAGE thereby breaking the Plaintiff's leg and permanently and severely injuring the Plaintiff.

35. DEFENDANT BRYAN and the ROCHDALE JOHN DOES 1-3 did not immediately seek medical attention for the Plaintiff, but instead instructed the Plaintiff to stand up.

36. Plaintiff was eventually transported to JAMAICA HOSPITAL where he underwent surgery and received additional treatment for a plateau tibial fracture and related injuries.

37. Plaintiff awoke from surgery and found himself shackled to his hospital bed inside JAMAICA HOSPITAL.

38. DEFENDANT BRYAN and ROCHDALE JOHN DOES 1-3 stood in Plaintiff's room and refused to remove Plaintiff's shackles despite Plaintiff's numerous requests to be unshackled.

39.  Plaintiff remained shackled to his hospital bed for approximately seven (7) days; during which time DEFENDANT BRYAN and/or ROCHDALE JOHN DOES 1-3 stood in plaintiff's room.

40. Plaintiff was not allowed to use the telephone during the time he was shackled to his hospital bed.

41. Plaintiff was not allowed to speak to his attorney during the time he was shackled to his hospital bed.

42. JAMAICA  HOSPITAL,  JAMAICA  SECURITY  and  JAMAICA  JOHN  DOES  1-2 worked together with DEFENDANT BRYAN and/or ROCHDALE JOHN DOES 1-3 to keep Plaintiff shackled to his hospital bed and deprived of the telephone.

43. Specifically, Plaintiff's father twice arrived at JAMAICA HOSPITAL and requested to visit the Plaintiff, and on each occasion JAMAICA JOHN DOE 1 and/or JAMAICA JOHN DOE 2 refused to allow the Plaintiff's father to visit Plaintiff.

44. JAMAICA JOHN DOE 1 and/or JAMAICA JOHN DOE 2 ordered the Plaintiff's father to leave JAMAICA HOSPITAL.

45. Plaintiff was released from JAMAICA HOSPITAL on December 2013.

46. DEFENDANT BRYAN gave the Plaintiff a Desk Appearance Ticket at the time of Plaintiff's release from JAMAICA HOSPITAL.

47. Plaintiff's Desk Appearance Ticket was docketed in Queens County Criminal Court under Docket Number 2013QN068284.

48. Plaintiff spent the next four months recuperating at an in-patient rehabilitation facility.

49. The Plaintiff's criminal case is currently in litigation.

50. As a result of the foregoing, the Plaintiff has suffered severe pain and agony, emotional distress, psychological damage, permanent physical disability, lost wages, and decreased earning capacity.

## LEGAL CLAIMS

### FEDERAL CAUSES OF ACTION

#### COUNT I: 42 U.S.C. SECTION 1983 AGAINST INDIVIDUAL DEFENDANTS

51. Paragraphs 1-50 are incorporated herein by reference as though fully set forth.

52. DEFENDANT BRYAN and ROCHDALE JOHN DOES 1-3 used excessive unnecessary force, subjected the plaintiff to cruel and unusual punishment, and unlawfully deprived the plaintiff of his liberty and property.

53. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against DEFENDANT BRYAN and ROCHDALE JOHN DOES 1-3 for violation of his constitutional rights under color of law, in an amount to be determined by a jury after due trial.

#### COUNT II: 42 U.S.C. SECTION 1983 AGAINST THE CITY, ROCHDALE VILLAGE, JAMAICA HOSPITAL AND THE NYPD

54. Paragraphs 1-53 are incorporated herein by reference as though fully set forth.

55. Prior to December 2013, THE CITY, NYPD, JAMAICA HOSPITAL and ROCHDALE VILLAGE developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons, which caused the violation Plaintiff's rights.

56. It was the policy and/or custom of THE CITY, NYPD, JAMAICA HOSPITAL and ROCHDALE VILLAGE to tolerate acts of misconduct.

57. It was the custom and policy of THE CITY, NYPD, JAMAICA HOSPITAL and ROCHDALE VILLAGE to inadequately supervise and train and retain and hire their police officers and/or peace officers, including DEFENDANT BRYAN, ROCHDALE JOHN DOES 1-3, JAMAICA JOHN DOES 1-2, and NYPD JOHN DOES 1-2, thereby failing adequately to discourage further constitutional violations on the part of their police officers and/or special patrolmen and/or peace officers. THE CITY, NYPD, JAMAICA HOSPITAL and ROCHDALE VILLAGE did not require appropriate in-service training or re-training of officers who improperly arrested individuals for trespassing.

58. As a result of the above described policies and customs, police officers and/or peace officers and/or special patrolmen of THE CITY, NYPD, JAMAICA HOSPITAL and ROCHDALE VILLAGE, including DEFENDANT BRYAN, ROCHDALE JOHN DOES 1-3, JAMAICA JOHN DOES 1-2, and NYPD JOHN DOES 1-2 believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be sanctioned or investigated, but would be tolerated.

59. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of THE CITY, NYPD, JAMAICA HOSPITAL and ROCHDALE VILLAGE to the constitutional rights of persons within the City and were the cause of the violations Plaintiff's right alleged herein.

60. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against THE CITY, NYPD, JAMAICA HOSPITAL and ROCHDALE VILLAGE for the

violation of his constitutional rights under color of law, in an amount to be determined by a jury after due trial.

## COUNT III: ASSAULT AND BATTERY

61. The allegations of Paragraphs 1-60 are incorporated by reference herein as though fully set forth.

62. DEFENDANT BRYAN and ROCHDALE JOHN DOES 1-3 were working within the scope of their authority provided by ROCHDALE VILLAGE, ROCHDALE PUBLIC SAFETY and THE CITY when they committed the actions described above generally and specifically those actions delineated in paragraphs 1-60 above, and thereby assaulted and battered the Plaintiff.

63. The assault and battery aforesaid was without probable cause.

64. DEFENDANT BRYAN and ROCHDALE JOHN DOES 1-3 were working within the scope of their employment with ROCHDALE VILLAGE when they committed the actions described above generally and specifically those actions delineated in paragraphs 1-54 above, and thereby assaulted and battered the Plaintiff.

65. DEFENDANT BRYAN and ROCHDALE JOHN DOES 1-3 were careless and reckless and negligent in that they did not stop or restrain their fellow officers from assaulting the Plaintiff.

66. As a result of the aforesaid assault and battery, the Plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, lost wages, lost earning capacity, damage to reputation and suffered emotional distress, in an amount to be determined by a jury after due trial.

11

## COUNT IV FALSE ARREST AND IMPRISONMENT

67. The allegations of Paragraphs 1-66 are incorporated by reference herein as though fully set forth.

68. DEFENDANT BRYAN, ROCHDALE JOHN DOES 1-3, JAMAICA JOHN DOES 1-2, and NYPD JOHN DOES 1-2 were working within the scope of their authority provided by ROCHDALE VILLAGE, ROCHDALE PUBLIC SAFETY, JAMAICA HOSPITAL, JAMAICA SECURITY and THE CITY when they committed the actions described above generally and specifically those actions delineated in paragraphs 1-66 above, and thereby confined the Plaintiff without privilege.

69. The confinement aforesaid was without probable cause or privilege.

70. DEFENDANT BRYAN, ROCHDALE JOHN DOES 1-3, JAMAICA JOHN DOES 1-2, and NYPD JOHN DOES 1-2 were working within the scope of their employment with ROCHDALE VILLAGE, ROCHDALE PUBLIC SAFETY, JAMAICA HOSPITAL, JAMAICA SECURITY and THE CITY when they committed the actions described above, generally and specifically, those actions delineated in paragraphs 1-66 above, and thereby confined the Plaintiff without privilege.

71. DEFENDANT BRYAN, ROCHDALE JOHN DOES 1-3, JAMAICA JOHN DOES 1-2, and NYPD JOHN DOES 1-2 were careless and reckless and negligent in that they did not stop or restrain their fellow officers from confining the Plaintiff.

72. As a result of the aforesaid confinement, the Plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, lost wages, lost earning capacity, damage to reputation and suffered emotional distress, in an amount to be determined by a jury after due trial.

## PENDENT STATE CLAIMS

## COUNT V: NEGLIGENT RETENTION, TRAINING AND HIRING

73. The allegations of paragraphs 1-72 are incorporated by reference herein as though fully set forth.

74. THE CITY, NYPD, JAMAICA HOSPITAL and ROCHDALE VILLAGE were responsible for hiring and training and/or certifying police officers and/or peace officers and/or special patrolmen, including the individual Defendants, and ensuring they were competent and capable of properly carrying out their job without causing injury to persons including the Plaintiff herein.

75. The Defendants THE CITY, NYPD, JAMAICA HOSPITAL and ROCHDALE VILLAGE were negligent, reckless, and careless in the hiring of the defendant police officers and/or peace officers and/or special patrolmen.

76. The Defendants THE CITY, NYPD, JAMAICA HOSPITAL and ROCHDALE VILLAGE negligently failed to investigate and determine whether the individual Defendants were capable and competent.

77. The Defendants THE CITY, NYPD, JAMAICA HOSPITAL and ROCHDALE VILLAGE negligently failed to investigate and determine whether the Defendants were competent and capable of properly carrying out their job without causing injury to persons including the Plaintiff herein.

78. The Defendants THE CITY, NYPD, JAMAICA HOSPITAL and ROCHDALE VILLAGE were negligent, reckless, and careless in the retaining of DEFENDANT BRYAN, ROCHDALE JOHN DOES 1-3, JAMAICA JOHN DOES 1-2, and NYPD JOHN DOES 1-2, in that they knew or should have known based on information available to them that the Defendant

13

police officers and/or peace officers were not competent or capable, and/or exhibited vicious propensities.

79. THE CITY, NYPD, JAMAICA HOSPITAL and ROCHDALE VILLAGE were responsible for training police officers and/or peace officers and/or special patrolmen, including the above individual Defendants to render them competent and capable of properly carrying out their job without causing injury to persons including the Plaintiff herein.

80. The Defendants THE CITY, NYPD, JAMAICA HOSPITAL and ROCHDALE VILLAGE was negligent, reckless, and careless in the training of the Defendant police officers and/or peace officers, in that they failed to render such training would render the Defendant police officers and/or peace officers competent and capable and/or ameliorate their vicious propensities.

81. The Defendants THE CITY, NYPD, JAMAICA HOSPITAL and ROCHDALE VILLAGE negligently failed to train the officers and render the Defendants capable and competent.

82. As a result of the aforesaid negligence, the Plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount to be determined by a jury after due trial.

**COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

83. The allegations of paragraphs 1-82 are incorporated by reference herein as though fully set forth.

84. DEFENDANT BRYAN, ROCHDALE JOHN DOES 1-3, JAMAICA JOHN DOES 1-2, and NYPD JOHN DOES 1-2 were working within the scope of their employment when they committed the actions described above, generally and specifically, those actions delineated in

14

paragraphs 1-82 above; those actions were intentionally and/or recklessly performed and/or committed.

85. The Defendants' conduct jointly and severally was outrageous.

86. The Defendants' joint and several conduct caused the Plaintiff to suffer extreme emotional distress.

87. As a result of the aforesaid intentional infliction of severe emotional distress, the Plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation, and suffered extreme emotional distress, in an amount to be determined by a jury after due trial.

88. As a result of the aforesaid, the Plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered extreme emotional distress, in an amount to be determined by a jury after due trial.

## COUNT VII: LIBEL AND SLANDER

89. The allegations of paragraphs 1-88 are incorporated by reference herein as though fully set forth.

90. On or about December, 2013, ROCHDALE VILLAGE, DEFENDANT BRYAN, ROCHDALE JOHN DOES 1-3, and NYPD JOHN DOES 1-2 accused Plaintiff of crimes of moral turpitude verbally and in writing.

91. DEFENDANT BRYAN's statements were made to third party police officers and/or peace officers and/or special patrolmen and the District Attorney.

92. His statements were untrue.

93. DEFENDANT BRYAN made these statements knowing they were untrue.

94. The entire statement is false as it pertains to Plaintiff, and the publication is defamatory.

95. The allegations were libelous on their face; they clearly exposed Plaintiff to hatred, contempt, ridicule and obloquy because they accuses him of acts of moral turpitude, and conduct adversely affecting his work.

96. The statements were seen and/or read and/or learned of on or about December, 2013, and thereafter, by large portions of the Queens County Community.

97. As a proximate result of the above-described publication, Plaintiff has suffered loss of his reputation, shame, mortification, and injury to his feelings, all to his damage in an amount, which exceeds the jurisdiction of all lower courts.

98. The above-described publication was not privileged because it was published by `DEFENDANT BRYAN with malice, hatred and ill will toward Plaintiff published it and the desire to injure him published it.

99. Because of DEFENDANT BRYAN's malice in publishing, Plaintiff seeks punitive damages.  Plaintiff has cultivated relationships which relationships DEFENDANT BRYAN intended to damage and which relationships were in fact damaged by the publication and statements.

## COUNT IX: MALICIOUS PROSECUTION AGAINST THE INDIVIDUAL
## DEFENDANTS

100.     The allegations of paragraphs 1-99 are incorporated by reference herein as though fully set forth.

101.     DEFENDANT BRYAN, ROCHDALE JOHN DOES 1-3, and NYPD JOHN DOES 1-2 initiated a criminal proceeding against the Plaintiff in that they drafted and/or provided information and/or submitted criminal summonses against the Plaintiff.

102.     The criminal action against the Plaintiff terminated in the Plaintiff's favor.

16

103.     DEFENDANT BRYAN, ROCHDALE JOHN DOES 1-3, and NYPD JOHN DOES 1-2 lacked probable cause to commence a criminal proceeding against the Plaintiff.

104.     DEFENDANT BRYAN, ROCHDALE JOHN DOES 1-3, and NYPD JOHN DOES 1-2 commenced and/or brought the criminal proceeding out of actual malice against the Plaintiff.

## COUNT IX: MALICIOUS PROSECUTION AGAINST THE CITY, ROCHDALE VILLAGE AND THE NYPD

105.     The allegations of paragraphs 1-104 are incorporated by reference herein as though fully set forth.

106.     THE CITY, the NYPD and ROCHDALE VILLAGE initiated a criminal proceeding against the Plaintiff in that they drafted and/or provided information and/or submitted criminal summonses against the Plaintiff.

107.     The criminal action against the Plaintiff terminated in the Plaintiff's favor.

108.     THE CITY, the NYPD and ROCHDALE VILLAGE lacked probable cause to commence a criminal proceeding against the Plaintiff.

109.     THE CITY, the NYPD and ROCHDALE VILLAGE commenced and/or brought the criminal proceeding out of actual malice against the Plaintiff.

110.     These actions fall within one or more of the exceptions set forth in CPLR 1602.

111.     That the within causes of action is not subject to the limitations set forth in CPLR section 1602.

**WHEREFORE**, Plaintiff prays for relief as follows: (1) that the Court determine and enter judgment declaring that the acts and omissions of the Defendants, as set forth above, violate rights secured to Plaintiff by the United States Constitution; (2) that the Court award compensatory damages to the Plaintiff; (3) that the Court award punitive damages to the

17

Plaintiff; (4) that the Defendants be required to pay the legal costs, attorney's fees and expenses in this action; and (5) that the Court grant such further and additional relief as is appropriate.

Dated: New York, New York
      January 16, 2015

Respectfully Submitted,

BY: _____
      Richard J. Washington (RW 4793)
      THE OFFICES OF RICHARD J. WASHINGTON,
      ATTORNEY AT LAW
      *Attorney for Plaintiff*
      Troy Greene
      40 Wall Street, Suite 2800
      New York, New York  11550
      Tel:    (646) 512-5886
      Fax:   (646) 607-9383

To:    THE CITY OF NEW YORK
      Attn: Corporation Counsel
      100 Church St., 5th Fl.
      New York, NY 10007

      THE NEW YORK CITY POLICE DEPARTMENT
      Attn: Corporation Counsel
      100 Church St., 5th Fl.
      New York, NY 10007

      ROCHDALE VILLAGE MANAGEMENT OFFICE
      169-65 137th Avenue
      Jamaica, New York 11434

      JAMAICA HOSPITAL
      8900 Van Wyck Expressway
      Jamaica, New York 11418